UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER, | No. 2:16-cv-0969 AC P |
| Plaintiff, | |
| v. | ORDER and |
| N. RIAZ, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on the original complaint on plaintiff's claims that defendants Riaz, Duc and Nguyen were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. See ECF No. 1; see also ECF No. 12.

Currently pending is defendants' motion, filed pursuant to 28 U.S.C. § 1915(g), to revoke plaintiff's in forma pauperis status on the ground that he should be designated a "three strikes litigant." Defendants contend that plaintiff previously filed at least three actions that were dismissed as malicious or for failure to state claim, rendering him ineligible to proceed in forma pauperis under Section 1915(g), and that the instant complaint does not support the exception provided by the statute, viz., that plaintiff was in imminent danger of serious physical injury when

he commenced this action. See ECF Nos. 22-3. Plaintiff has filed an opposition and motion for a temporary restraining order and/or preliminary injunctive relief, ECF Nos. 27-8; defendants filed a reply to the opposition, ECF No. 28.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that defendants' motion be denied and defendants be directed to file an answer to the complaint. The undersigned also recommends that plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief be denied without prejudice. The Clerk of Court is directed to randomly assign a district judge to this action for consideration of the undersigned's findings and recommendations.

II. Background

This action proceeds on plaintiff's original complaint filed May 6, 2016. See ECF No. 1. Upon screening pursuant to 28 U.S.C. § 1915A, the court found that the complaint states cognizable Eighth Amendment claims premised on the alleged deliberate indifference to plaintiff's serious medical needs by defendant physicians Dr. Riaz and Dr. Duc, and psychiatrist Dr. Nguyen. The complaint alleges that each of these defendants was fully apprised of plaintiff's medical conditions, particularly his permanent left "drop foot" with neuropathy, and chronic knee and back problems, which together impair plaintiff's ability to walk and negotiate stairs. The complaint further alleges that each defendant failed, in different ways, to sustain and/or reinstate plaintiff's accommodation chrono for lower tier (ground floor) housing, resulting in plaintiff falling down a flight of steel stairs in June 2015 and sustaining injuries.

III. Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status

A. The Parties' Arguments

Defendants identify the following three cases as "strikes" previously filed by plaintiff and dismissed as malicious or for failure to state a claim: (1) Turner v. Serna et al., Case No. 3:98-cv-04228 MJJ (N.D. Cal. Dec. 21, 1998) (case dismissed without prejudice for failure to state a claim because barred under Heck v. Humphrey, 512 U.S. 477 (1994); (2) Turner v. City of San Francisco et al., Case No. 3:99-cv00075 MJJ (N.D. Cal. Feb. 16, 1999) (case dismissed with

prejudice as malicious because duplicative of Turner v. Serna, supra, Case No. 3:98-cv-04228 MJJ); and (3) Turner v. Martinez Detention Center et al., Case No. 4:10-cv-00897 CW (N.D. Cal. May 10, 2010) (case dismissed without prejudice to refiling after plaintiff exhausts his administrative remedies). Defendants also contend that the instant case does not meet the "imminent danger" exception of Section 1915(g) because the complaint is limited to plaintiff's allegations concerning his fall in June 2015, nearly a year before he commenced this action. See generally ECF Nos. 22, 23 (defendants' motion and exhibits).

Plaintiff responds that Turner v. Martinez should not count as a strike because plaintiff followed the court's instructions and was permitted to file an amended complaint. See generally ECF No. 26. Plaintiff also contends that, in the instant case, he demonstrated he was under imminent danger of serious physical injury when he filed the complaint, and remains so endangered, asserting as follows, id. at 4 (with minor edits):

> [F]alling down the stairs is not the imminent danger. Plaintiff's medical chronos continuously revoked, rescinded, expiring without notice until right now today. Plaintiff never knows when any of the three will happen and [plaintiff] will be forced to house on the top tier. All plaintiff knows is those were and are his safety concerns. Discovery will show continuing violation.

As additional support for this argument, plaintiff filed a motion for a temporary restraining order and/or preliminary injunctive relief simultaneously with his opposition.. He seeks an order directing prison officials to provide plaintiff with an "accommodation chrono that is not defective in itself by expiration and/or negligent unsupported reasons to change it which is something that the defendants do, and are obligated not to do." ECF No. 27 at 9 (with minor edits); see also ECF No. 27-1 at (9) ("No matter where plaintiff is house[d] imminent danger is constant. . . . Plaintiff's life is in jeopardy climbing up and down stairs, and without court intervention plaintiff will suffer harm physically, but is [still] suffering mentally just knowing I will be possibly [housed] on an upper tier or refuse a direct order causing confrontation") (minor edits).

In their reply, defendants dispute plaintiff's contention that he was permitted to proceed on his amended complaint in Turner v. Martinez, and again assert that plaintiff was not in

3

imminent danger when he commenced this action. See ECF No. 28.

B. Legal Standards

Under 28 U.S.C. § 1915, a federal court may authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit demonstrating that he or she is unable to pay such fees. However, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A "three-strikes litigant" under this provision is precluded from proceeding in forma pauperis in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, Andrews, 493 F.3d at 1056. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception. . . . Instead, the exception applies if the complaint makes a *plausible allegation* that the prisoner faced "imminent danger of serious physical injury" at the time of filing." Id. at 1055 (emphasis added).

C. Analysis

For the reasons that follow, the undersigned finds that plaintiff's complaint in this action includes a plausible allegation that plaintiff faced imminent danger of serious physical injury at the time he filed the complaint. Because the court finds this action comes within the exception of 28 U.S.C. § 1915(g), it does not address the parties' dispute whether defendants' cited cases should count as strikes. See Andrews, supra, 493 F.3d at 1052 n.2 (declining to assess whether a prior suit was a strike "[b]ecause we hold that Andrews could proceed IFP with his entire complaint pursuant to the 'imminent danger' exception").

Plaintiff obtained a disability chrono in 2008 according him, inter alia, housing on a lower tier (ground floor) and assignment to a lower bunk. ECF No. 1 at 4. Plaintiff was accorded these

accommodations until October 15, 2014, when defendant Dr. Riaz rescinded plaintiff's lower tier accommodation (but retained his lower bunk accommodation). Id. at 4, 9. Plaintiff was moved to an upper tier in May 2015, when he submitted a Health Care Inmate Appeal requesting reinstatement of his lower tier chrono and movement to a lower tier. Defendant Dr. Duc interviewed plaintiff on June 26, 2015 and denied plaintiff's request, finding that retention of plaintiff's lower bunk accommodation rendered the appeal "partially granted." Id. at 4-5, 13.

Three days later, on June 29, 2015, plaintiff fell down a flight of steel stairs and suffered injuries. On the same day, following his fall, plaintiff was again seen by Dr. Duc who amended plaintiff's accommodation requirements to include both a lower bunk and "ground floor with limited stairs;" the chrono was issued on July 2, 2015 and plaintiff was moved to a lower tier. Id. at 15-6.

Prior to his fall, plaintiff had requested that his psychiatrist, defendant Dr. Nyugen, assist him in obtaining reinstatement of his lower tier accommodation. As set forth in his Health Care Appeal, plaintiff told Dr. Nyugen of his "fears to have to go up and down the stairs to program & she stated it was a custody issue and refused to interview, but continuously call[ed] me down the stairs for '1 on 1's' threatening me that [if] I didn't comply I wasn't programming until I fell on 6-29-15." Id. at 13; see also id. at 7.

The complaint seeks, in pertinent part, "injunctive relief, commanding defendants to [] provide effective non-expiring chronos." Id. at 8. This requested relief mirrors that sought by plaintiff in his administrative appeal, included as an exhibit to the complaint. After his fall, plaintiff there requested, id. at 12:

> (Action Requested): To not have my chrono ever taken again as my condition will never change as well to not be punished for my disability and fears of not wanting to go up & down the stairs as Ms. Nyugen is doing because of participation rates. I [have] not been able to participate in the program & services & have not been give[n] my step increase to Step 4 when there is no other reason at this point. . . .

The undersigned finds that these assertions in plaintiff's complaint and exhibits support a plausible allegation that plaintiff faced imminent danger of serious physical injury at the time he filed the complaint. Andrews, 493 F.3d at 1055. The unexplained rescission of plaintiff's six-

5

year lower tier chrono in October 2014, his housing move to an upper tier in May 2015, and his serious accident and physical injury while negotiating stairs in June 2015 – notwithstanding plaintiff's contemporaneous efforts to reinstate the chrono – support plaintiff's assessment that his housing situation could be changed at any time.

For these reasons, the undersigned finds that the complaint supports the "imminent danger" exception provided in 28 U.S.C. § 1915(g), and therefore that plaintiff should continue to be permitted to proceed in this action in forma pauperis. This court recommends that defendants' motion to revoke plaintiff's in forma pauperis status be denied, and that defendants be directed to file an answer to plaintiff's complaint.

IV. Plaintiff's Motion for a Temporary Restraining Order

A. Plaintiff's Arguments

In tandem with filing his opposition to defendants' motion to revoke plaintiff's in forma pauperis status, plaintiff filed an "Order to Show Cause and Temporary Restraining Order, for Imminent Danger." ECF No. 27. Plaintiff seeks to enjoin defendants and all others with similar authority "to provide medically appropriate care, diagnostic testing, and continued treatment through assistance devices, therapy, and accommodation chronos designed to restore and maintain." ECF No. 27 at 1 (with minor edits). Plaintiff avers that he is trying to "ensure my safety and that I receive necessary medical care." Id. at 2. He explains in pertinent part that his "permanent" accommodation chronos must be renewed each year which "unpredictably places the plaintiff in repeated danger of injury." Id. at 3 (with minor edits). Plaintiff asserts that he is "entitled to a temporary restraining order requiring the defendants to carry out the reissuing of plaintiff's lower tier chrono" in addition to "arranging for examination by specialist for back & legs, MRI testing so a plan of medication and treatment by qualified specialist can be done as well, and a preliminary injunction requiring the defendants to carry out that plan of treatment at Salinas Valley plaintiff's current prison." Id. at 4-5 (with minor edits).

Defendants have not responded to plaintiff's motion.

B. Legal Standards

Under Rule 65, Federal Rules of Civil Procedure, "[t]he court may issue a temporary

restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Obtaining ex parte relief under Rule 65 is limited to situations where notice to the adverse party would likely prove useless. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases). The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

"The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)). In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); accord Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). "At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must . . . demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citations omitted). A preliminary injunction is appropriate when a plaintiff demonstrates "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and internal quotation marks omitted).

An injunction against individuals who are not parties to the action is strongly disfavored.

Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

### C. Analysis

The court initially notes that plaintiff has been moved among prisons several times since commencing this action. He filed the complaint in May 2016, while incarcerated at California State Prison Sacramento (CSP-SAC), challenging the conduct of the CSP-SAC defendants. ECF No. 1. Plaintiff was transferred to Pelican Bay State Prison in September 2016. ECF No. 7. In February 2017, plaintiff was moved to California State Prison Los Angeles County (CSP-LAC). ECF Nos. 10-1. In June 2017, he was moved to Salinas Valley State Prison (SVSP), ECF No. 20, but moved back to CSP-LAC in October 2017, ECF No. 29, where he remains at present. Plaintiff filed his motion for a temporary restraining order while housed at SVSP. ECF No. 27.

The court also notes, as an initial matter, that to the extent plaintiff's motion challenges the quality of his medical care per se, it exceeds the scope of the claims proceeding in this action.

The above finding that the complaint demonstrates plaintiff was in imminent danger of serious physical injury when he commenced this action, under the standards applicable to the statutory exception to the "three strikes" rule, does not mean that plaintiff is entitled to preliminary injunctive relief. This action challenges the conduct of CSP-SAC medical defendants allegedly responsible for rendering plaintiff vulnerable to the accident and injuries he sustained in June 2015, against whom plaintiff has a reasonable opportunity to succeed on the merits of his claims. Plaintiff remained subject to these defendants' ongoing care and decisions when he filed his complaint and while he remained incarcerated at CSP-SAC. However, plaintiff's transfer from CSP-SAC eliminated defendants' day-to-day authority over decisions impacting plaintiff. Moreover, none of plaintiff's current medical providers (or subject custodial staff) are defendants in this action. These circumstances mean that preliminary injunctive relief is disfavored. See Zenith Radio, 395 U.S. at 112.

8

Additionally, it appears that plaintiff's lower-tier chrono has been retained and honored throughout his transfers, diminishing the current imminence of harm. See Caribbean Marine, 844 F.2d at 674. Simply put, there is, at present, no harm that needs to be corrected. See 18 U.S.C. § 3626(a)(2). Although plaintiff remains at risk that his lower tier chrono may be rescinded, this possibility appears to be subject to state prison regulations requiring annual accommodation reviews over which this court has no authority.

For these several reasons, the undersigned finds that the balance of equities tip in defendants' favor, and supports the denial of plaintiff's request for preliminary equitable relief. See Winter, 555 U.S. at 20. The undersigned therefore recommends that plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief be denied without prejudice.

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status, ECF No. 22, be denied;

2. Defendants be directed to file and serve an answer to the complaint within 21 days after the district judge adopts these findings and recommendations; and

3. Plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief, ECF No. 27, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

DATED: January 10, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE