UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>N. RIAZ, et al.,<br><br>    Defendants. | No. 2:16-cv-0969 MCE AC P<br><br><br>ORDER |

Plaintiff Lafonzo Turner is a state prisoner proceeding pro se and in forma pauperis with this civil rights action alleging deliberate indifference to plaintiff's safety and serious medical needs, against defendants Dr. Riaz, Dr. Duc, and Dr. Nguyen. See ECF Nos. 1, 12. Discovery closed on June 29, 2018; the dispositive motion deadline is September 28, 2018. See ECF No. 34. Presently pending is plaintiff's motion for appointment of counsel, filed on plaintiff's behalf by another inmate, Mr. Santiago, a self-described "jailhouse lawyer," on the ground that plaintiff recently suffered traumatic brain injury. See ECF No. 42.

Mr. Santiago states, under penalty of perjury, that plaintiff suffered a grave traumatic brain injury on July 12, 2018, and remains in administratively segregated medical facilities at California State Prison Corcoran following his hospital release. Mr. Santiago avers that plaintiff is suffering "effects of confusion, sight impairment, ability to concentrate, with the additional impingements of ongoing migraines 24/7 headaches and dizziness when sitting up; among other

1

things plaintiff has been confined to a wheelchair with incontinence. . . . [F]urthermore plaintiff has no access to the law library or other inmates being that he is [in] medical/ad-seg." ECF No. 42 at 1-2 (with minor edits). The request includes the findings from plaintiff's July 12, 2018 CT scan of his facial bones, demonstrating significant injuries, and a diagnosis of traumatic brain injury. Id. at 3-5.

The undersigned finds the instant motion for appointment of counsel persuasive for the reasons stated. Although the Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), when a case presents exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In the present case, Mr. Santiago has persuasively demonstrated that plaintiff is unable to represent himself at the dispositive motion stage against three medical professionals.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 42, is GRANTED;

2. The Clerk of Court is directed to contact Ms. Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment.

3. The current deadline for filing dispositive motions, September 28, 2018, is VACATED until further order of this court.

DATED: September 19, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE