UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. RIAZ, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0969 MCE AC P<br><br><br>ORDER |

On September 20, 2018, the undersigned granted plaintiff's motion for appointment of pro bono counsel in this prisoner civil rights case. ECF No. 43. The court considered plaintiff's request on an ex parte basis, as is typically the case. Defendants then indicated their intention to seek reconsideration, indicating that the facts presented by plaintiff as the basis for his request were inaccurate. ECF No. 44. The court permitted defendant's filing, ECF No. 45, and has now considered the Amended Motion for Reconsideration, ECF No. 47. For the reasons explained below, the order appointing counsel will not be disturbed.

District courts have wide discretion to consider and vacate a prior order. See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.2 003). A motion for reconsideration should generally be granted only where the district court is presented with newly discovered evidence, committed clear error, or there has been an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

1

& Co., 571 F.3d 873, 880 (9th Cir. 2009). The Local Rules of this court require that a motion for reconsideration identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and must explain "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3), (4) (emphasis added). Because defendants had no opportunity to dispute plaintiff's factual representations prior to the court's action on the motion for appointed counsel, the court will consider defendants' information now. Upon reconsideration, the order appointing counsel is affirmed.

The federal in forma pauperis statute confers on district courts the discretion to designate counsel to represent indigent civil litigants. Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). Although the court cannot require an attorney to represent an indigent prisoner in a civil rights action, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), it may request the voluntary assistance of counsel when a case presents exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). The test for exceptional circumstances requires an evaluation of plaintiff's likelihood of success on the merits of his claims and plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331.

Plaintiff's motion for appointment of counsel was filed on his behalf by another inmate, on the ground that plaintiff had suffered a traumatic brain injury on July 12, 2018 and could no longer represent himself. ECF No. 42. In finding that extraordinary circumstances supported the appointment of pro bono counsel, the court noted the representations that plaintiff remained in administratively segregated medical facilities following his hospital release; was experiencing ongoing symptoms including confusion, visual impairment and impaired concentration; was physically infirm; and had limited access to the law library and legal assistance from other inmates due to his medical housing assignment. See ECF No. 43 at 1-2. Plaintiff had provided medical documentation of his traumatic brain injury diagnosis. ECF No. 42 at 5. The medical

records also demonstrate that petitioner suffered multiple, severe fractures to the bones of his face. Id. at 3-4. Inmate Santiago provided a sworn statement attesting to the other circumstances upon which plaintiff relied. Id. at 1-2.

Defendants do not dispute that plaintiff suffered a traumatic brain injury last July. Rather, they dispute Mr. Santiago's claims that plaintiff "cannot read, comprehend, or navigate a civil suit" and "has no access to the law library or other inmates because he is in 'medical/ad-seg." ECF No. 47 at 6. Defendants emphasize that prior to the filing of plaintiff's motion for appointment of counsel, but after his traumatic brain injury on July 12, 2018, plaintiff signed and submitted two coherent documents to the court, apparently without assistance, wherein he failed to mention his injury; defendants assert these filings contradict plaintiff's current contention he cannot navigate this law suit on his own. Id. at 6-7 (citing ECF Nos. 40 & 41). Moreover, assert defendants, "plaintiff appears to have written and signed the proof of service attached to his motion to appoint counsel, under the penalty of perjury." Id. (citing ECF No. 42 at 6).

In support of their motion for reconsideration, defendants have submitted the declaration of J. Pasion, the CSP-COR Litigation Coordinator. Pasion states that plaintiff is housed in CSP-COR's Outpatient Housing Unit (OHU), which is located in the D-Wing of CSP-COR's Correctional Treatment Center (CTC). Pasion Decl., ECF No. 47 at 9, ¶ 3. Pasion avers in full, id. at 10, ¶¶ 4-5:

> Mr. Turner has access to the law library resources via a computer database located in the dayroom of the CTC D-Wing. Additionally, the law librarian assigned to Facility 4B visits the inmate-patients in OHU and the TC approximately once a week to ensure they have the resources they need. [¶] Mr. Turner also has access to his legal property while housed in OHU.

Defendants rely on Pasion's declaration to argue that plaintiff "has access to the law library resources, and his legal property." Id. at 6.

Defendants have also submitted the declaration of F. Hernandez, a Nurse Practitioner providing care to patients in CSP-COR's OHU. Hernandez describes the OHU as follows:

> The OHU is a designated housing area within COR designed to provide supportive services for inmate-patients who may require limited assistance with activities of daily living (ADLs), such as

3

> getting dressed, bathing, and grooming, or short-term observations. The inmate patients do not require an acute level of care, and are in a stable condition.

Hernandez Decl., ECF No. 47 at 12, ¶ 3.

Hernandez continues:

> I have provided care to Mr. Lafonzo Turner [] for approximately the past month while he has been housed in OHU. [¶] Mr. Turner is able to complete his ADLs independently. He is alert and oriented, aware of his surroundings, and has engaged in conversations with me. [¶] I have observed Mr. Turner with paperwork next to him in his cell. During a recent conversation with Mr. Turner, he went through some of his paperwork to show me documents that were related to our conversation.

Id. at 13, ¶¶ 4-6:

Hernandez has submitted two recent progress notes concerning plaintiff's status and care, dated September 10, 2018 and September 25, 2018. See ECF No. 47 at 15-8. The first note lists plaintiff's ongoing medical challenges, including "Fracture of temporal bone; Fracture of zygomatic complex; Fracture, orbital; and Traumatic intracranial extradural hematoma." Id. at 15. The note recounts the examination of plaintiff's traumatic orbital fracture by the on-site ophthalmologist, who diagnosed "history of left orbit fractures myopia early cataracts lattice degeneration gurney and presbyopia." Id. The other functional assessments, including activities of daily living (ADLs), provided in the note are as follows: "Alert and oriented x 3; Antral gastritis; Difficulty chewing; Dizziness; Left foot drop; Mild Asthma; Lumbago," and ability to exercise ten minutes a day. Id. at 15-6. Also listed is "Antisocial personality disorder; Paranoid personality disorder." Id.

The second progress note, prepared two weeks later, reflects the results of a "routine OHU round," which include: "Currently, the patient has no complaints of chest shortness of breath. No headache occasional dizziness no blurry vision. No fevers or chills. No nausea vomiting diarrhea constipation or abdominal pain." Id. at 17. The treatment plan lists plaintiff's orbital, temporal and zygomatic complex fractures; his traumatic intracranial extradural hematoma; and plaintiff's dizziness, difficulty chewing, left foot drop, urinary incontinence, and mild asthma. Id. The note also orders additional physical therapy. Id.

4

Defendants rely on Hernandez' declaration to argue that plaintiff "is able to complete his ADLs independently, he is alert and oriented, aware of his surroundings, and has engaged in conversation with [Hernandez]." ECF No. 47 at 6. Defendants contend, "[f]urthermore, during a recent conversation with Plaintiff, the nurse practitioner observed Plaintiff go through his paperwork to locate documents related to a conversation they were having, demonstrating the Plaintiff has documents and can locate relevant documents when needed. Contrary to statements in Plaintiff's motion for appointment of counsel, it appears that Plaintiff is stable and functioning independently." Id. at 7 (internal citations omitted).

Defendants' new information does not contradict Mr. Santiago's statement and supporting exhibits demonstrating that plaintiff had a traumatic brain injury on July 12, 2018 and, as a result, suffers "effects of confusion, sight impairment, ability to concentrate, with the additional impingements of ongoing migraines 24/7 headaches and dizziness when sitting up; among other things plaintiff has been confined to a wheelchair with incontinence." See ECF No. 42 at 1-2. Additionally, although defendants' new information makes it clear that plaintiff has access to his legal documents and a shared computer with a legal database, and may request resources from the prison law library each week, neither the Pasion nor Hernandez declarations indicate that plaintiff is actually reading, understanding and preparing his legal papers, using the computer, or knows what resources to request from the law library. Although Hernandez indicates that plaintiff "went through some of his paperwork to show me documents that were related to our conversation," Hernandez does not identify the documents or the subject of conversation and there is no indication either was related to plaintiff's legal proceedings.

Hernandez' statements that plaintiff was "aware of his surroundings," "engaged in conversations," and had "paperwork next to him in his cell" also do not undermine the grounds for appointment of counsel. Even if inmate Santiago went too far in suggesting that plaintiff is entirely incapacitated, complete mental incapacitation is not the standard for appointment of counsel.

The undersigned has reviewed the two post-injury filings identified by defendants, both filed by plaintiff prior to the request for appointment of counsel, and finds that they do not

demonstrate plaintiff's ability to navigate this law suit on his own.  The document filed August 3, 2018 is a half-page notice of plaintiff's change of address to CSP-COR, submitted in both of his cases pending in this court.[1]  ECF No. 40.  Such notices are required by pro se litigants; failure to timely provide a change of address risks dismissal, see Local Rule 183.  Plaintiff filed four previous change-of-address notices in this case.  See ECF Nos. 7, 10, 20, 29.  His continued adherence to this rule with his simple filing three weeks after his injury demonstrates no more than practiced caution.

Plaintiff's second filing, on August 8, 2018, less than one page in length, seeks the dockets in both of plaintiff's pending cases and seeks to clarification that the correct case number was provided on plaintiff's one-page motion for "default hearing" entered in his other case.  The referenced motion reflected the Clerk's entry of default against the sole defendant two months earlier, on June 18, 2018.  Again, this limited filing does not demonstrate plaintiff's ability to effectively proceed pro se in the instant action.

Defendants also note that plaintiff's "virtual identical motion for the appointment of counsel was denied in Turner v. Byer, No. 2:17-cv-01869 EFB (E.D. Cal.) on September 14, 2018."  ECF No. 47 at 4 n.3.  The undersigned has reviewed that order, and notes that the judge in that case made no findings regarding plaintiff's medical condition, cognitive abilities, or other circumstances.  Moreover, because case complexity is central to the "extraordinary circumstances" inquiry, the denial of appointment in another case has no bearing on this court's analysis.

In sum, having considered defendants' evidence, the court reaffirms its previous finding that plaintiff's ability to articulate his claims pro se, in light of the complexity of the legal issues involved, supports the appointment of counsel at this time.  The court also finds sufficient potential merit in the case to warrant the appointment of pro bono counsel.  At the very least, plaintiff has presented a plausible Eighth Amendment claim.  The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the "merit"

---

[1] Also pending in this court is plaintiff's case entitled Turner v. Byer, Case No. 2:17-cv-1869 EFB P.

analysis on a motion for appointment of counsel.  See Tilei v. McGuinness, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits").

This action proceeds on plaintiff's Eighth Amendment "failure to protect" claims that each of the defendants, all medical providers fully apprised of plaintiff's medical conditions and accommodation needs, denied or failed to endorse plaintiff's requests to obtain reinstatement of a lower-tier chrono limiting his use of stairs.  Plaintiff alleges that his medical records demonstrated permanent "drop foot" in his left foot, neuropathy, knee and back problems, which together impaired his ability to walk and to negotiate stairs.  Due to defendants' deliberate indifference, plaintiff alleges he fell down several steel stairs on June 29, 2015, and was injured.  The progress notes recently submitted by defendants continue to note plaintiff's left foot drop.  For present purposes, the court concludes that plaintiff has a reasonable likelihood of success on the merits of his claims.

Appointment of counsel is also appropriate because deliberate indifference claims involve an interplay of factual and legal issues that is inherently complex.  As noted by another district court in considering a request for appointment of counsel, "[p]laintiff's claims of deliberate indifference to medical needs and failure to protect based on medical status will turn on standards of care, causation, and medical treatment issues that may require the testimony of expert witnesses, necessitating expert discovery, a task that is undoubtedly complex."  Cataldo v. Madox, 2017 WL 2733924, at *2, 2017 U.S. Dist. LEXIS 98521, at *5 (S.D. Cal. June 26, 2017).  The district court in Cataldo also found that plaintiff therein had suffered "a traumatic brain injury, requiring constant attention, which "alone is sufficient to support his argument that he is incapable of articulating his claims."  Id.

For these several reasons, the court affirms its previous ruling.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for reconsideration (ECF No. 47) is granted to the limited extent that the court has reconsidered its order appointing counsel (ECF No. 43) in light of defendants' arguments and evidence, and is otherwise DENIED;

7

2. The order dated September 20, 2018, ECF No. 43, remains in full force and effect. The Clerk of Court is directed to contact Ms. Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment.

    3. The deadline for filing dispositive motions remains vacated until further order of this court.

DATED: November 13, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE