1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAFONZO R. TURNER,                      No. 2:16-cv-0969 MCE AC P

12                  Plaintiff,

13       v.                                  <u>ORDER</u>

14   N. RIAZ, et al.,

15                  Defendants.

16

17          Plaintiff Lafonzo Turner is a state prisoner proceeding with appointed counsel in this civil

18   rights action.  Plaintiff's counsel, Alexander Nowinski, is appointed for the limited purpose of

19   representing plaintiff through the resolution of dispositive motions.  Defendants have filed a

20   motion for summary judgment that is scheduled for hearing on August 21, 2019.  Mr. Nowinski

21   will represent plaintiff at that hearing and in submitted briefing.  Plaintiff has filed a "notice"

22   (ECF No. 61) concerning his receipt of legal property and states that it "is regarding [his] motion

23   to stay," identifying two cases – the instant case, and <u>Turner v. Byer</u>, Case No. 2:17-cv-1869 EFB

24   P.  Only in the latter case is there a motion to stay pending, and plaintiff's notice was also filed in

25   that action.  Therefore, the Clerk of Court will be directed to note on the docket that plaintiff's

26   recent filing does not apply to the instant case.

27          Plaintiff is informed that Mr. Nowinski was appointed to represent him only in the present

28   action; Mr. Nowinski does not represent plaintiff in any other case.  Moreover, because plaintiff

is represented by counsel in the instant case, he may not communicate directly with the court or the other parties. This court will not consider a pro se filing from plaintiff while he is represented by counsel. See e.g. McCullough v. Graber, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider pro se letters from habeas petitioner because he was represented by counsel); Rosenblum v. Campbell, 370 Fed. Appx. 782, at *1 (9th Cir. 2010) ("Because [petitioner] is represented by counsel, only counsel may submit filings."). While plaintiff has appointed counsel in this case, his communications must be through his attorney. Therefore, any further pro se filings by plaintiff while he is represented by counsel will be ignored.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to indicate on the docket that plaintiff's notice filed June 12, 2019 (ECF No. 61), is not relevant to the instant action but only to Turner v. Byer, Case No. 2:17-cv-1869 EFB P.

2. Plaintiff is admonished to refrain from filing any further pro se matters in the instant action while he is represented by counsel.

3. In addition to serving plaintiff's counsel with a copy of this order, the Clerk of Court is directed to serve a copy of this order on plaintiff himself at the California Health Care Facility in Stockton.

SO ORDERED.

DATED: June 14, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2